■ In the Matter of the Accounting of SCHENECTADY TRUST COMPANY, as Executor of HENRY L. DEARSTINE, Deceased. BESSIE A. DEARSTINE, Appellant; MARJORIE CARR, Respondent.— *Per Curiam.* Appeal by testator's widow and legatee from so much of a decree of the Surrogate's Court of Schenectady County upon judicial settlement as directed (1) that the value of an automobile owned by decedent and erroneously set off to the widow be paid to the legatee thereof and (2) that the widow be paid one third of the unadjusted net estate rather than the one half thereof to which she claimed to be entitled. The direction respecting the automobile depended upon its value — whether $3,000 or more (Surrogate's Ct. Act, § 200, subd. 3) — which was determined by the Surrogate purely as a factual question, upon sufficient evidence. The testator died December 13, 1962, leaving his widow and one child. His will dated August 29, 1960, and probated December 18, 1962, gave his wife certain real property and cash and "in addition *such a portion of my estate which will in the aggregate equal the amount in property or cash which my wife would have been entitled to receive, had I died intestate.* It being my intention that my said wife shall receive no more and no less than the proportion of my estate which the laws of the State of New York compel me to give, devise and bequeath unto her as my surviving spouse." (Emphasis supplied.) We disagree with the Surrogate's determination that it was testator's intention to give to his widow one third of his estate — the share she would have been entitled to had she elected to take against the will under section 18 of the Decedent Estate Law in effect at the time of his death. The will clearly gives one half of the estate to the widow by providing in clear and unambiguous language: " I give * * * the amount in property or cash which my wife would have been entitled to receive, had I died intestate " as section 83 of the Decedent Estate Law, in effect at the time of testator's death (L. 1959, ch. 689) provided that one half of the net estate before taxes should pass to a widow where there was one child; and the will affords no basis for implying an election, which is a voluntary and personal act. Decree modified, on the law and the facts, in accordance herewith and, as so modified, affirmed, with costs to each party filing a brief payable out of the estate. Settle order. Gibson, P. J., Herlihy, Taylor, Aulisi and Staley, Jr., JJ., concur.